UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: TONY EDDINS and HILDA EDDINS                CASE NO. 02-17545-DWH

TONY EDDINS and HILDA EDDINS                                        PLAINTIFFS

VERSUS                                                    ADV. PROC. NO. 08-1058-DWH

GMAC MORTGAGE COMPANY                                               DEFENDANT

OPINION

On consideration before the court is a motion to dismiss filed by the defendant, GMAC Mortgage Company ("GMAC"), pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, regarding the amended complaint filed by the plaintiffs, Tony Eddins and Hilda Eddins; a response to said motion having been filed by the plaintiffs; the parties having presented oral arguments in open court and having submitted memoranda of law; and the court, having heard and considered same, hereby finds as follows, to-wit:

I.

The court has jurisdiction of the parties to and the subject matter of this adversary proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A) and (O).

II.

The plaintiffs filed a voluntary Chapter 13 bankruptcy case on December 5, 2002. GMAC filed a proof of claim on February 5, 2003, evidencing a debt secured by the plaintiffs' residential real property. In their plan, the plaintiffs proposed to pay the pre-petition arrearage owed to

GMAC and to continue paying their regular monthly mortgage payment pursuant to §1322(b)(5) of the Bankruptcy Code[1]. Their Chapter 13 plan was confirmed on June 9, 2003.

On April 11, 2007, the Chapter 13 trustee filed a motion for a determination that the claim of GMAC was current and that all defaults were cured. Since GMAC filed no objection or response to this motion, on May 7, 2007, an order was entered by the court determining that the long-term debt was current and that all defaults were cured effective as of March 31, 2007. Thereafter, the plaintiffs received their Chapter 13 discharge on May 14, 2007, and their case was closed.

Pursuant to a motion filed by the plaintiffs, the bankruptcy case was reopened on March 7, 2008, and the above captioned adversary proceeding against GMAC was filed. In their amended complaint, the plaintiffs alleged that GMAC wrongfully assessed and collected charges and fees from them that were not owed or approved by the bankruptcy court. In addition, they assert that GMAC wrongfully failed to credit their payments to the loan's principal balance until April 20, 2007. These acts purportedly took place post-confirmation, pre-discharge, as well as, post-discharge.

III.

Since this is a motion to dismiss filed by GMAC pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, the court must construe the amended complaint liberally in favor of the plaintiffs as the non-moving parties and assume the truth of all pleaded facts. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002); *Frank v. Delta Airlines, Inc.*, 314 F.3d 195 (5th Cir. 2002); and *In*

---

[1] Hereinafter all cited Code sections should be considered as sections of the U.S. Bankruptcy Code unless specifically designated otherwise.

re *Harris*, 297 B.R. 61, 64 (Bankr. N.D. Miss. 2003).

This court has previously held in *In re Thompson*, 351 B.R. 402 (Bankr. N.D. Miss. 2006), that a creditor's mere act of posting charges to a debtor's account for record keeping purposes, standing alone, does not violate any provision of the Bankruptcy Code, though the act of collecting or attempting to collect these charges from the debtor may be impermissible depending on the relevant circumstances. Among other allegations in their complaint, the plaintiffs contend that GMAC assessed and collected fees and expenses in violation of the automatic stay (11 U.S.C. §362(a)(3)), the discharge injunction (11 U.S.C. §524(a)(2)), and the order of this court, described hereinabove, dated May 7, 2007. They seek injunctive relief, disgorgement, both actual and punitive damages, as well as, contempt sanctions.

IV.

In this judicial district the Chapter 13 confirmation order provides that property of the estate is not revested at confirmation in the debtors. Consequently, the automatic stay is not lifted by operation of law until the plan is completed or until some other "triggering" event occurs. In the plaintiffs' bankruptcy case, the automatic stay was considered "in effect" insofar as in personam actions were concerned until the plaintiffs received their Chapter 13 discharge, thus precluding unauthorized collection activities against them until after the discharge order was entered. (As to property of the estate, the automatic stay remained in effect until the case was closed.) The fact that the automatic stay was effective post-confirmation supports the plaintiffs' allegations that the stay was violated during the post-confirmation period by GMAC's collection practices. These allegations, of course, will eventually have to be substantiated by credible evidence.

3

V.

In its motion to dismiss, GMAC has asserted that it cannot be liable for a violation of the discharge injunction because a debt treated under §1322(b)(5) is excepted from discharge pursuant to §1328(a)(1). While GMAC's reading of the statute is literally correct, it fails to capture the statute's purpose which is to except from discharge those long-term debt obligations that would obviously remain owing after the completion of the Chapter 13 plan. This exception does not allow a creditor holding a long-term debt to surreptitiously assess improper charges prior to the discharge and then to collect these charges with impunity once the discharge is granted. This court's order, which determines that the long-term debt is current and that all defaults are cured, is an additional mechanism to prevent Chapter 13 debtors from being "blind sided" by creditors who demand otherwise unknown fees and charges immediately after debtors emerge from bankruptcy protection. Clearly, if there are legitimate charges which should have survived the plaintiffs' Chapter 13 discharge, there will be no violation of the §524(a)(2) discharge injunction. However, if these charges should have been included as a part of the discharge, but were inappropriately omitted or concealed, and collection activities were undertaken subsequent to the discharge, then an actionable violation might exist. Again, proof will have to be developed so that the court can determine exactly what happened concerning the indebtedness owed by the plaintiffs.

VI.

As a reason for dismissal, GMAC has asserted that the plaintiffs have no private right of action. The court is of the opinion that it is premature to consider this issue at this time. The court is concerned only whether the amended complaint states causes of action upon which relief

4

can be granted. The plaintiffs have alleged that GMAC violated certain provisions of the Bankruptcy Code and contend that these violations can be redressed, if not by the provisions of the specific code section, then pursuant to §105(a), which provides as follows:

> (a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. §105(a)

In an earlier decision, *In re Harris*, 297 B.R. 61 (Bankr. N.D. Miss. 2003), this court concluded that if actual violations of the Bankruptcy Code had been committed by either debtors or creditors, the Court's authority to afford relief could flow through its equitable powers conveyed by §105(a). The court stated that the legitimate policing of violations is not a "roving commission to do equity," but rather, it is the exercise of a clearly articulated statutory authority to insure that the bankruptcy process functions in an orderly manner. *See, Bessette v. Avco Financial Services, Inc.*, 230 F.3d 439 (1st Cir. 2000), and *Ameriquest Mortgage Company v. Nosek (In re Nosek)*, 2008 WL 4445707, Oct. 3, 2008.

Consequently, while the question of whether the plaintiffs have a private right of action may be significant if this proceeding were being considered for class certification, that is not the purpose of the motion to dismiss.

## VII.

In summary, the court is of the opinion that GMAC's Rule 12(b)(6) motion to dismiss is not well taken as to the plaintiffs' amended complaint regarding the following:

1. The alleged violations of §362(a).

2.      The alleged violations of the discharge injunction set forth in §524(a)(2).

3.      The alleged violation of this court's order declaring the long-term debt of GMAC current and all defaults cured, dated May 7, 2007.

The plaintiffs claims pursuant to §506(b) and Rule 2016(a), Federal Rules of Bankruptcy Procedure, appear to be merged into their claims for relief pursuant to §362(a) and §524(a)(2), as well as, the alleged violation of this court's order dated May 7, 2007.

A separate order will be entered consistent with this opinion.

This the 20th day of October, 2008.

_____
DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE